[No. 23789. Department Two. January 6, 1933.]

WALTER W. LEACH *et al., Appellants,* v. VICTOR ERICK-SON, *Respondent.*[1]

*B. B. Horrigan* and *M. M. Moulton,* for appellants.
*Edward A. Davis,* for respondent.

[1] Reported in 17 P. (2d) 859.

MAIN, J.—This action was brought to recover damages for personal injuries and damages to an automobile. The defendant denied liability, and by cross-complaint sought damages against the plaintiffs. The cause was tried to the court and a jury; and at the conclusion of all of the evidence, the plaintiffs moved that the defendant's cross-complaint be withdrawn from the consideration of the jury, which motion was sustained. The jury returned a verdict in favor of the defendant, and after a motion for a new trial had been interposed by the plaintiffs and overruled, judgment was entered upon the verdict dismissing the action, from which the plaintiffs appeal.

The facts are these: The accident out of which the litigation arose happened December 31, 1928, at about five o'clock p. m., at the intersection of Fifth and Margaret streets, in the city of Pasco. Fifth street extends north and south, and Margaret street east and west. The appellants were the owners of a Buick automobile, and the defendant of a Studebaker.

Just prior to the accident, the appellant Mrs. Leach was driving the Buick west on Margaret street, approaching the intersection between that street and Fifth street. The respondent, Erickson, was driving the Studebaker north on Fifth street, approaching the same intersection. Mrs. Leach says that she entered the intersection first; the respondent says that he entered first. The two automobiles came together in the north half of the intersection, which was thirty feet across. The respondent testified that, when he entered the intersection, the Buick automobile was one hundred feet therefrom. In the collision, the left front of the Buick, as testified to by the respondent, "struck me broadside, right back of the front fender on the right side of my car." Mrs. Leach was seriously injured, and both automobiles were damaged to some extent.

It was for the damages resulting from this collision that recovery was sought.

At the conclusion of the evidence and before the case was submitted to the jury, the appellants requested the court to instruct the jury that there was but one question for their consideration, namely, the amount of the appellants' recovery, and the refusal to give this requested instruction presents the principal question upon this appeal.

Before the court could have properly given the instruction, it would have been necessary to have found, as a matter of law, that the respondent was guilty of negligence which was the proximate cause of the accident, and that Mrs. Leach was not guilty of contributory negligence which contributed thereto in a material degree. The fact that the court struck the cross-complaint would not justify a finding that the respondent was guilty of negligence which was the proximate cause of the collision. Neither could it be found therefrom that Mrs. Leach was not guilty of contributory negligence which, in a material degree, contributed to the accident.

The withdrawal of the cross-complaint from the consideration of the jury did not take out of the case either the question of the respondent's negligence or the contributory negligence of Mrs. Leach. Whether the respondent was negligent and whether Mrs. Leach was chargeable with contributory negligence, were questions to be determined from the evidence.

Assuming, without deciding, that the respondent's evidence was so extravagant as to indicate that Mrs. Leach was driving at an impossible rate of speed as she approached the intersection, and that his evidence should be disregarded because it was contrary to natural laws and the physical facts, the question of Mrs. Leach's contributory negligence would nevertheless

remain in the case on matters other than that of excessive speed. For instance, even though she was in the favored position, being on the respondent's right as she approached the intersection, if she knew, or in the exercise of reasonable care should have known, that the respondent was not going to yield to her the right of way in time for her to have stopped the Buick and thus avoided a collision, it would have been her duty to do so.

Notwithstanding the striking of the cross-complaint and the disregarding of the respondent's evidence as to the speed at which Mrs. Leach was traveling, the court did not err in submitting to the jury the questions of the primary negligence of the respondent and the contributory negligence of Mrs. Leach.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, and STEINERT, JJ., concur.